IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JERMAINE HARMON, Individually And On Behalf Of All Others Similarly Situated, | : : : : |
| Plaintiff, | : CIVIL ACTION FILE NO. : |
| v. | : : |
| ELKINS WRECKER SERVICE, INC. AND DANIEL ELKINS, | : : JURY TRIAL DEMANDED |
| Defendants. | : : : |

## COMPLAINT

COME NOW Plaintiff, Jermaine Harmon, by and through his attorney, and asserts his claims under the Fair Labor Standards Act ("FLSA") for violation of the FLSA minimum wage, overtime compensation, and anti-retaliation provisions and other relief, on the grounds set forth below:

### JURISDICTION AND VENUE

1.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b).

2.

Venue is appropriate in this Court as the unlawful employment practices

complained of herein happened within the geographic boundaries of this judicial district.

## PARTIES

3.

Plaintiff Jermaine Harmon ("Harmon") is a former employee of Defendants, having been employed from approximately December, 2011 through approximately January, 2012 in the capacity of a vehicle operator.

4.

Defendant Elkins Wrecker Service, Inc. ("EWS") is a Georgia corporation and is licensed to do business in the State of Georgia.  Defendant EWS may be served with process via service on its registered agent, Mr. Daniel Elkins, 1011 Peeksville Road, Locust Grove, Georgia  30248, if service of process is not waived.

5.

Defendant Daniel Elkins ("Elkins") is the Chief Executive Officer, Chief Financial Officer, and Secretary of Defendant EWS.  Elkins may be served with process via personal service on him at his business address: 1011 Peeksville Road, Locust Grove, Georgia  30248.

6.

Plaintiff brings this action on behalf of himself and all other similarly situated present and former employees of Defendants who consent to the representation, pursuant to 29 U.S.C. § 216(b). Plaintiff's Consent to Become a Party Plaintiff in FLSA Action is incorporated herein as Exhibit "A".

7.

Both Defendants are employers within the meaning of the FLSA, 29 U.S.C. § 203(d) as both were acting directly or indirectly in the interest of Defendants in their interactions with Plaintiff and the class he represents, and controlled the terms and conditions of employment of Plaintiff and the class he represents on a day to day basis.

## FACTUAL ALLEGATIONS COMMON TO PLAINTIFF AND THE CLASS HE REPRESENTS

8.

This action is brought by a former employee of Defendants on behalf of all current and former employees who were paid by the hour, for violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 et seq. ("FLSA"), based upon Defendants' common policy of failing to properly compensate them for direct time and overtime worked and earned.

9.

Plaintiff and the class he represents were employees engaged in commerce and were employed by an enterprise engaged in commerce, *i.e.* working in an automotive wrecker and hauling service.

10.

Defendant EWS was primarily engaged in hauling and transporting automobiles using commercial vehicles.

11.

Defendant EWS was subject to regulation by the United States Department of Transportation while operating commercial vehicles in interstate commerce.

12.

Defendant EWS operates a towing and wrecker service along Interstate 75, U.S. Route 23, and other interstate highways.

13.

Plaintiff's work period and that of each member of the class he represents consisted of a six day work week within each seven day work week.

14.

Plaintiff and the class he represents were paid by Defendant EWS on an hourly basis.

15.

Plaintiff and each member of the class he represents were not guaranteed at least $455.00 per week in wages and the amount of their weekly wages fluctuated below $145.71 per week depending on the number of hours for which the Defendants arbitrarily decided to compensate Plaintiff and each member of the class he represents.

16.

All of Plaintiff's pay stubs and those of the class he represents reflect that Plaintiff and the class members were paid by the hour and were not salaried employees.

17.

Throughout Plaintiff's employment with Defendants, and that of each member of the class he represents, each routinely worked in excess of forty (40) hours per week.

18.

Defendants do not claim that Plaintiff was subject to any exemption from the overtime pay requirements of the FLSA and admit that Plaintiff was entitled to be paid minimum wage for each hour worked under forty hours per week and 1.5 times his regular hourly rate of pay for each hour he worked in excess of forty in

any given work period.

19.

Throughout Plaintiff's employment with Defendants, and that of each member of the class he represents, each was required by Defendants to work no less than 73 and a half hours per week.  During the time Plaintiff and the members of the class he represents were employed at EWS, no time clock or other mechanical time records were maintained by Defendants.

20.

Throughout Plaintiff's employment with Defendants, and that of each member of the class he represents, Defendants have systematically undercompensated Plaintiff and each member of the class he represents for the number of hours actually worked.  With respect to a majority of hours required by Defendants, Plaintiff and the class members received no pay whatsoever.

21.

Throughout Plaintiffs' employment, and that of each member of the class he represents, each worked through their half hour lunch period and were not relieved of duties while eating.  However, Defendants did not pay Plaintiff or the class members for the half hour lunch period.

22.

Defendants have failed to keep accurate records of the hours worked by Plaintiff and of the class members he represents, as required by the FLSA.

23.

Defendants have failed to meet the requirements for any of the exemptions from application of the minimum wage or overtime compensation requirements of the Fair Labor Standards Act under 29 U.S.C. §§ 207 or 213.

24.

Plaintiff and each member of the class he represents were required to be compensated at a rate of one and one half times their hourly rate for each hour worked in excess of forty hours in any given pay period.

25.

Defendants were joint employers of Plaintiff and of the class he represents, as both controlled the terms and conditions of Plaintiff's and the class members' employment.

26.

Defendants knew or should have known that the FLSA applied to Plaintiff and the class he represents.

27.

In failing or refusing to pay Plaintiff and the class he represents overtime as required by the FLSA, Defendants have not relied on any letter ruling from the Department of Labor indicating that Plaintiff and/or the class members were not entitled to overtime.

28.

Defendants have refused to adequately compensate Plaintiff and the class he represents for work in excess of forty hours per pay period, at the rates required by law, and have willfully refused to rectify the situation.

29.

Defendants' conduct constitute willful violations of § 207 of the FLSA, entitling Plaintiff and the class he represents to all relief afforded under the FLSA, including the application of a three (3) year statute of limitations and the award of liquidated damages.

30.

Defendants are liable to Plaintiff and to each member of the class he represents for compensation for any and all time worked, and for hours worked in excess of 40 hours per week at the rate of at least one and one-half times the regular rate.

31.

On or around January 26, 2012, Plaintiff gave Defendants a written request that he be paid minimum wage and overtime as required by the FLSA, thereby engaging in protected activity under 29 U.S.C. Section 215(a)(3).

32.

On or around January 27, 2012, Defendants terminated Plaintiff's employment.

33.

Plaintiff's termination on January 27, 2012, would not have happened but for Plaintiff engaging in protected activity in requesting he be paid minimum wage and overtime as required by the FLSA.

## COUNT ONE: VIOLATION OF 29 U.S.C. SECTION 207- OVERTIME VIOLATIONS

34.

Paragraphs 1 through 33 are incorporated herein by this reference.

35.

Defendants' failure to compensate Plaintiff for time actually worked in excess of 40 hours per week on the basis of one and one-half times the regular hourly rate of pay is a violation of Sections 207 and 215 of the Fair Labor Standards Act of 1938, as amended. Such violation is intentional and willful. Said

violation gives rise to a claim for relief under the FLSA for Plaintiff for unpaid overtime compensation from the beginning of his employment in approximately September, 2007 through the end of his employment, liquidated damages in an amount equal to the unpaid compensation, declaratory and injunctive relief, and reasonable attorneys fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

36.

Defendants' failure to compensate the class Plaintiff represents for time actually worked in excess of 40 hours per week on the basis of one and one-half times the regular hourly rate of pay is a violation of § 207 and 215 of the Fair Labor Standards Act of 1938, as amended.  Such violation is intentional and willful.  Said violation gives rise to a claim for relief under the FLSA for each member of the class who joins this collective action for three years prior to the date such class member joins this action to the date of judgment, liquidated damages in an amount equal to the unpaid compensation, declaratory and injunctive relief, and reasonable attorneys fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

## COUNT TWO: VIOLATION OF 29 U.S.C. SECTION 206- MINIMUM WAGE

37.

Paragraphs 1 through 36 are incorporated herein by this reference.

38.

Defendants' failure to compensate Plaintiff for time actually worked at a regular hourly rate of pay equal to the federal minimum wage is a violation of Section 206 of the Fair Labor Standards Act of 1938, as amended.  Such violation is intentional and willful.  Said violation gives rise to a claim for relief under the FLSA for Plaintiff for unpaid compensation from the beginning of his employment

in approximately December, 2011, through the end of his employment, liquidated damages in an amount equal to the unpaid compensation, declaratory and injunctive relief, and reasonable attorneys fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

39.

Defendants' failure to compensate the class Plaintiff represents for time actually worked at a regular hourly rate of pay equal to the federal minimum wage is a violation of Section 206 of the Fair Labor Standards Act of 1938, as amended. Such violation is intentional and willful. Said violation gives rise to a claim for relief under the FLSA for each member of the class who joins this collective action for three years prior to the date such class member joins this action to the date of judgment, liquidated damages in an amount equal to the unpaid compensation, declaratory and injunctive relief, and reasonable attorneys fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

**COUNT THREE: VIOLATION OF 29 U.S.C. SECTION 215-**

**RETALIATION**

40.

Paragraphs 1 through 39 are incorporated herein by this reference.

41.

Plaintiff engaged in activity protected under FLSA in requesting that he be paid at least minimum wage as required by federal law.

42.

Plaintiff subsequently suffered adverse action by the employer when his employment was terminated the day after he submitted his request to be paid at least minimum wage.

43.

But for Plaintiff's request that he be paid minimum wage and overtime as required by the FLSA, Defendants would not have terminated Plaintiff's employment.

44.

Defendants' retaliation against Plaintiff for asking that he be paid minimum wage and overtime as required by the FLSA is a violation of Section 215 of the Fair Labor Standards Act of 1938, as amended.  Such violation is intentional and willful.  Said violation gives rise to a claim for relief under the FLSA for Plaintiff for back pay and front pay, liquidated damages in an amount equal to the back pay and front pay, declaratory and injunctive relief, and reasonable attorneys fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

**WHEREFORE**, Plaintiff requests that this Court:

(a)     take jurisdiction of this matter;

(b) permit this case to proceed as an FLSA class action under 29 U.S.C. §216 for those employees, past or present, who opt to participate by filing proper written notice with the Court;

(c) issue an Order holding each Defendant to be an "employer" as that term is defined under the FLSA;

(d) grant a trial by jury as to all matters properly triable to a jury;

(e) issue a judgment declaring that Plaintiff and the class he seeks to represent were covered by the provisions of the FLSA and that Defendants have failed to comply with the requirements of the FLSA;

(f) award Plaintiff payment for each overtime hour worked in the three years preceding the filing of this Complaint, calculated at one and one-half times the regular rate, and liquidated damages equaling 100% of overtime due Plaintiff, as required by the FLSA;

(g) award each member of the class Plaintiff represents payment for each overtime hour worked in the three years preceding each class member's joining of this collective action, calculated at one and one-half times the regular rate, and liquidated damages equaling 100% of overtime due each Plaintiff, as required by the FLSA;

(h) award Plaintiff and each member of the class he represents prejudgment interest on all amounts owed;

(i) award each Plaintiff and each member of the class he represents their reasonable attorney's fees and costs;

(j) issue preliminary and permanent injunctions directing the Defendants to comply with the provisions of the FLSA and preventing Defendants from reducing the pay of any member of the class to offset Defendants' overtime liability;

(k) award Plaintiff back pay and front pay;

(l) and grant any and such other further relief this Court deems just, equitable and proper.

Respectfully submitted, this 5th day of March, 2012.

/s/ J. Stephen Mixon
J. Stephen Mixon
Attorney for Plaintiff
Georgia Bar No. 514050

/s/ Alex R. Roberson
Alex R. Roberson
Attorney for Plaintiff
Georgia Bar No. 558117

**MILLAR & MIXON, LLC**
108 Williamson Mill Road
Jonesboro, Georgia 30236
Phone: (770) 955-0100
Fax: (678) 699.2037
Email: steve@mixon-law.com