IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JERMAINE HARMON,<br><br>Plaintiff,<br><br>v.<br><br>ELKINS WRECKER SERVICE, INC., et al.,<br><br>Defendants. | CIVIL ACTION NO.<br><br>1:12-cv-758-JEC |

**ORDER & OPINION**

This case is presently before the Court on plaintiff's Motion for Summary Judgment [15]. For the reasons set out below, the Court concludes that the plaintiff's motion should be **DENIED without prejudice.**

**BACKGROUND**

Plaintiff filed a complaint under the Fair Labor Standards Act ("FLSA") against defendant Daniel Elkins and his company, Elkins Wrecker Service, Inc., for violations of the FLSA's minimum wage, overtime compensation, and anti-retaliation provisions. (Compl. [1].) According to the complaint, the defendants required the plaintiff and other drivers in the defendants' employ to work for less than minimum wage and more than 40 hours per week without paying the overtime rates required by the FLSA. (*Id.* at ¶ 3.) The complaint further alleges

that on January 26, 2012, plaintiff gave the defendants a written request that he be paid minimum wage and overtime as required by FLSA and was fired the next day. (*Id.* at ¶¶ 31 & 33.) Plaintiff seeks damages in an amount equal to unpaid compensation, declaratory and injunctive relief, and reasonable attorneys' fees pursuant 29 U.S.C. § 216. (*Id.* at ¶ 36.)

Initially, defendants defaulted for failing to timely answer the complaint and, after the clerk's entry of default, plaintiff moved for default judgment. (Pl.'s First Motion for Default J. [8].) Before the Court could rule on the motion, however, defendants filed an answer and the Court denied plaintiff's first motion for default judgment. (June 20, 2012 Order [10] at 1.) However, the Court informed the corporate defendant, Elkins Wrecker Service, that it could not proceed *pro se* and must retain counsel. (*Id.*) After the corporate defendant failed to retain counsel, the plaintiff renewed his motion for default judgment. (Pl.'s Second Motion for Default J. [12] at 12.)

The Court again denied plaintiff's motion and vacated the entry of default as to the individual defendant, Daniel Elkins, because his answer not only set forth a markedly different account of the plaintiff's employ with the defendants, but it also raised "several factual and legal defenses to plaintiff's claim of FLSA violations." (Jan. 28, 2013 Order [17] at 7.) The undersigned also found it



AO 72A
(Rev.8/82)

inappropriate to enter a default judgment against the corporate defendant while allowing the claims against the individual defendant to proceed on the merits. (*Id.* at 13.) Therefore, the Court also denied the plaintiff's motion against the corporate defendant, but did so without prejudice to allow plaintiff to re-file its motion upon the conclusion of the case against the individual defendant, Daniel Elkins. (*Id.* at 13-14.)

Before the Court issued its order and opinion regarding the plaintiff's second motion for default judgment, the plaintiff filed the present motion for summary judgment. (Pl.'s Motion for Summ. J. ("PMSJ") [15].) Plaintiff's motion contends that there are no genuine issues of disputed fact because the defendants have admitted all of the essential elements proving plaintiff's claim. (*Id.*) Plaintiff makes this argument even though defendants, both in their answer [9] and opposition to summary judgment [18], vehemently deny the allegations in the complaint. Plaintiff contends that defendants "admit" the conduct alleged by the plaintiff because defendants failed to answer the Requests for Admission ("Request") properly served on him by the plaintiff. ("PMSJ" [15] at 5.)

The Request essentially asked the defendants to admit all the facts as alleged in the complaint even though defendants had previously denied these allegations in his answer. In other words,



AO 72A
(Rev.8/82)

plaintiff's Request is simply a recitation of the allegations of the complaint, except put in a form that asks for an admission.[1]

Defendants,[2] proceeding *pro se*, filed a response that reads more like the affidavit of James Elkins than a response to summary judgment.[3] (Def.'s Resp. to Summ. J. ("Def.'s Resp.") [18].) The defendants' response confirms and expounds on the facts that were previously set out in defendants' answer. It reaffirms defendants' contentions that plaintiff was hired on an "as-needed/if-needed" basis and not as a full-time employee. (*Id.* at ¶ 2.) It also reasserts defendants' contention that plaintiff refused to complete a physical, which is required by the U.S. Department of Transportation for any

---

[1] The inference that plaintiff copied and pasted the allegations from the complaint is supported not only by the fact that *every* individual request for admission recites verbatim a paragraph contained in the complaint, but also by typographical errors found in the Request. For example, it appears that plaintiff forgot to add "Please admit that" in front of one of its requests so that paragraph merely restates paragraph 20 of the Complaint [1] without asking defendant to admit anything. (Pl.'s First Requests for Admission [15-3] at 23 ¶ 8.)

[2] The Court is aware that an entry of default has been entered as to the corporate defendant, Elkins Wrecker Service, Inc., and that, at the present time, the only defendant formally litigating this case is defendant Daniel Elkins. Nevertheless, as the defendants collectively filed both an answer and a response, the Court will refer to defendants in the plural, unless otherwise indicated.

[3] James Elkins signed the motion even though he is not a party to this suit nor, to the Court's knowledge, an attorney licensed to practice in Georgia.



AO 72A
(Rev.8/82)

driver of a commercial motor vehicle, and that he failed to comply with other federal requirements necessary for his employment with the defendants. (*Id.* at ¶¶ 1 & 3.)

Defendants' answer previously indicated that plaintiff was fired because he was caught entering vehicles in the defendants' storage lot that did not belong to either the plaintiff or the defendants. (Answer [9] at 4.) The defendants' response explains this event in greater detail. (Def.'s Resp [18] at ¶¶ 4-6.) According to the response, plaintiff worked an accident involving an SUV rollover. When the owner of the SUV came by the defendants' business the next day to retrieve his personal belongings, he could not find a black laptop that had been in the SUV. (*Id.* at ¶ 4.) The defendants' response claims that video evidence shows plaintiff entering the lot, going straight to the SUV and then removing what appears to be a black laptop from the SUV. (*Id.*) The response attaches still shots taken from the security video in support of these statements. (*Id.* at 5.)

As previously asserted in the answer, the response reiterates that, once confronted about the theft, plaintiff became very angry and left work. (*Id.* at ¶ 4.) According to the response, when plaintiff returned to work the next day, James Elkins gave him a separation notice, along with a criminal trespass notice. (Def.'s Resp [18] at ¶ 5.) Plaintiff responded by brandishing a pistol, cursing at co-workers, and threatening to file a lawsuit. (*Id.*)



AO 72A
(Rev.8/82)

In his reply to defendants' response, plaintiff makes no effort to refute any of defendants' allegations. Instead, the reply merely objects to consideration of the reply because James Elkins, a non-party to this suit, signed the defendants' response. (Pl.'s Rep. to Def. James Elkins' Resp. to Mot. for Summ. J. ("Pl.'s Rep.") [19] at 2.) In fact, although it is plaintiff who has filed a motion for summary judgment, he has failed to provide this Court with _any_ evidence substantiating a single allegation in the complaint or refuting any of the facts set forth in the defendants' answer or response to summary judgment. (*See* PMSJ [15] and Pl.'s Resp. [19].) Instead, in seeking a summary judgment, plaintiff relies solely on technical deficiencies in defendants' filings and defendants' failure to properly respond to the PMSJ.

**DISCUSSION**

As an initial matter, the Court makes two observations. First, the Eleventh Circuit explicitly condemns use of Rule 36 requests for admission in the manner that plaintiff has done here. Second, granting an unopposed motion for summary judgment without reviewing the merits of the motion would violate Eleventh Circuit precedent.

As plaintiff notes in his motion, (PMSJ [15] at 5.), the purpose of Rule 36 is "to expedite the trial and to relieve the parties of the cost of proving *facts that will not be disputed at trial.*" *Perez v. Miami-Dade County*, 297 F.3d 1255, 1268 (11th Cir. 2002)(emphasis in



AO 72A
(Rev.8/82)

original). Plaintiff's use of Rule 36 does not accord with the rule's purpose, however. If anything, it has had the opposite effect of delaying the litigation and increasing costs on the parties.

*Perez* involved a plaintiff who, like plaintiff Harmon, served upon defendant requests for admission that were, "for the most part, a verbatim copy of the complaint, save a few minor changes."[4] *Id*. at 1258. Although the defendants previously filed an answer denying the allegations in the complaint, they failed to respond to the requests within the thirty-day time limit. The district court deemed the requests admitted under Rule 36(a) and subsequently denied defendant's 36(b) motion to withdraw those admissions. *Id.* at 1261-62. In reversing the district court, the Eleventh Circuit noted that while district courts maintain broad discretion in managing pretrial discovery matters, the district court had abused its discretion in refusing to allow the defendant to withdraw his purported admissions. *Id.* at 1263 & 1269.

The *Perez* court concluded with a comment on Rule 36 that is pertinent to the present discussion in this case:

> That is, when a party uses [Rule 36] to establish uncontested facts and to narrow the

---

[4] The Eleventh Circuit similarly noted that the request by the plaintiff in *Perez* is "replete with the same typographical errors as the complaint and even includes such statements as, 'This is a claim for deprivation of constitutional rights under color of state law...'" *Perez*, 297 F.3d at 1258.



AO 72A
(Rev.8/82)

> issues for trial, then the rule functions properly. When a party [], however, uses the rule to harass the other side or, as in this case, with the wild-eyed hope that the other side will fail to answer and therefore admit essential elements (that the party has already denied in its answer), the rule's time-saving function ceases; the rule instead becomes a weapon, dragging out the litigation and wasting valuable resources.
>
> For this reason, we believe that it is inappropriate to (as well as prohibited by Rule 36 itself) for a plaintiff to serve a request for admissions along with the complaint. It is simply too early for the defendant, having not yet received the allegations, to perceive what facts should be contested. Once a defendant has answered, moreover, it continues to be inappropriate for a plaintiff to re-serve the complaint in the form of a request for admissions in order to require the defendant to admit or deny nearly every paragraph of a complaint it has already answered. This is especially true here, where the defendants had denied [plaintiff]'s core allegations []. [Plaintiff]'s continued service of the same request for admissions in the face of these denials was an abuse of Rule 36.

*Perez*, 297 F.3d at 1268-69 (internal quotations and citations omitted)(emphases added).

The conduct of plaintiff Harmon and his counsel is identical to the conduct described in *Perez*. Instead of attempting to submit any evidence, even an affidavit from Harmon himself,[5] plaintiff and his

---

[5] Plaintiff submitted an affidavit asserting the damages he would be entitled to if he had worked through June 1, 2012 but the affidavit curiously does not attempt to substantiate any of the factual allegations made in the complaint or attach any evidence that might accomplish this. (Harmon Aff. [7].)



AO 72A
(Rev.8/82)

counsel have attempted to use Rule 36 to gain what would be the equivalent of a summary judgment by default.

Additionally, to the extent that plaintiff is making this request, granting a motion for summary judgment simply because it is unopposed would also violate Eleventh Circuit precedent. Plaintiff cites Local Rule 56.1, NDGa., in support of its argument that the Court should, for all practical purposes, disregard all of the other evidence on the record and grant the summary judgment motion. (Pl.'s Resp. [19] at 3.) The Eleventh Circuit has found that when a non-moving party fails to comply with Local Rule 56.1, "the court has before it the functional analog of an unopposed motion for summary judgment." *Reese v. Herbert*, 327 F.3d 1253, 1268 (11th Cir. 2008). However, this lack of opposition does not automatically entitle the movant to summary judgment because "the movant is not absolved of the burden of showing that it is entitled to judgment as a matter of law, and a Local Rule 56.1 statement is not itself a vehicle for making factual assertions that are otherwise unsupported in the record." *Id.* at 1268-69.

In this case, plaintiff submitted a statement of undisputed facts pursuant to Local Rule 56.1. It is true that defendant Elkins did not file a separate pleading responding to that statement, as he should have done, but incorporated his disagreement with plaintiff's facts in his response pleading. That technical breach, however, is trumped by



AO 72A
(Rev.8/82)

the failure of the record to support any of plaintiff's assertions and therefore, the Court "must ensure that the motion itself is supported by evidentiary materials." *Id.* at 1269 (quoting from *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida,* 363 F.3d 1099, 1101-02 (11th Cir. 2004)). With that standard in mind, the Court will now review the merits of plaintiff's summary judgment motion.

**I. <u>SUMMARY JUDGMENT STANDARD</u>**

Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file and any affidavits, show "that there is no genuine [issue] as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). An issue is material if, "under the applicable substantive law, it might affect the outcome of the case." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1189 (11th Cir. 2010). An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).

Summary judgment is not properly viewed as a device that the trial court may, in its discretion, implement in lieu of a trial on the merits. Instead, Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of every element



AO 72A
(Rev.8/82)

essential to that party's case on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In such a situation, there can be no genuine issue as to any material fact, as a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. *Id*. at 322-23 (quoting FED. R. CIV. P. 56(c)).

The movant bears the initial burden of asserting the basis for his motion. *Id.* at 323. When evaluating whether this burden has been met, "the district court must review the evidence and all factual inferences drawn therefrom, in the light most favorable to the non-moving party." *Hairston v. Gainesville Sun Publ'g Co.*, 9 F.3d 913, 918-19 (11th Cir. 1993). Once this initial burden is met, then the non-movant must go beyond the pleadings to establish that there exists a genuine issue of material fact. *Id*. The non-movant may satisfy this requirement by presenting competent evidence designating "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324.

## II. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff contends that he is entitled to summary judgment because defendants have "admitted" all the facts alleged in the complaint by virtue of their failure to respond to the Request for Admission. (PMSJ [15] at 5.) As noted, defendants submitted what they believed to be a response to the PMSJ that set forth facts

markedly different from the facts alleged in the complaint. This filing, however, is not signed by defendant Daniel Elkins or by an attorney, but by James Elkins.[6] Further, the response reads very much like an affidavit, as the signatory refers to Elkins Wrecker Service as "*our* company" and states that plaintiff "dared *me* to touch him" in describing the altercation that allegedly took place after plaintiff was notified of his dismissal and given a criminal trespass warning. (Def.'s Resp. [18] at ¶¶ 1 & 6 (emphasis added).)

**A. Defendants' Response to Summary Judgment**

A court may consider any materials in the record when ruling on a summary judgment motion. FED. R. CIV. P. 56(c)(3). Rule 56 also requires that declarations used to oppose a motion must be made on personal knowledge, set out facts admissible in evidence and show that the declarant is competent to testify on the matters stated. FED. R. CIV. P. 56(c)(4); *Macuba v. Deboer*, 193 F.3d 1316, 1322-23 (11th Cir. 1999).

Giving the appropriate deference to defendant Elkins' *pro se* status, defendants' response [18] meets all three of these requirements. The response describes several encounters between James Elkins and plaintiff. (*See* Def.'s Resp. [18] at ¶¶ 3-6.) Thus, the

[6] The Court assumes that James Elkins is related to Daniel Elkins and that he has some ownership interest in Elkins Wrecker Service. Clearly, the affidavit suggests that he was involved in the management of the business and that he had direct interaction with plaintiff that is relevant to the issues in this case.



AO 72A
(Rev.8/82)

recounting of these events appears to be made on the personal knowledge of the document's signatory, James Elkins. Further, there is no suggestion that James Elkins would not also be competent to testify about events to which he was a witness or participant.

However, the declaration must still set out facts that would be admissible in evidence. The factual assertions in James Elkins' response/affidavit appear to arise from his own personal knowledge. Even if there is some hearsay in this pleading, inadmissible hearsay may be considered at the summary judgment stage if the statement could be reduced to an admissible form. *Pritchard v. S. Co. Servs*., 92 F.3d 1130, 1135 (11th Cir. 1996), citing McMillian *v. Johnson*, 88 F.3d 1573(11th Cir. 1996). "The most obvious way that hearsay testimony can be reduced to admissible form is to have the hearsay declarant testify directly to the matter at trial." *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1294 (11th Cir. 2012).

In the present case, there is no reason to believe that James Elkins will not be available to testify at trial as to the matters set out in his response. This fact, combined with the proffer of a video that will allegedly show the plaintiff stealing from defendants' customer, eliminates any hearsay concerns at this juncture.[7] (Def.'s

[7] The response attaches still shots from the security video purporting to show plaintiff inside the customer's SUV and leaving the property with a black laptop in hand. (*Id.*) Plaintiff has articulated no concerns about the authenticity of the still shots or of the video.



AO 72A
(Rev.8/82)

Resp. [18] at 5.) *See also X v. Brierley*, 457 F. Supp. 350, 351 n.1 (E.D. Pa. 1978)(district court relied on signed, unsworn statement where opposing party did not dispute the accuracy of its assertions and where all of the assertions appeared to deal with matters that were within the declarant's personal knowledge.); *Auto Club Family Ins. Co. v. Mullins*, No. 5:11-cv-1451-AKK, 2012 WL 6043652, at *5 n. 7 (N.D. Ala. 2012)(Kallon, J.)(finding that, at the summary judgment stage, the court may properly consider statements that were neither verified or made under oath because the statements could be authenticated through the declarant).

For the above reasons, the Court concludes that the defendants' response could be reduced to an admissible affidavit and, thus, may properly be considered by the Court at this stage of the proceedings. *See* Fed R. Civ. P. 56; *Macuba v. Deboer*, 193 F.3d 1316, 1323-24 (11th Cir. 1999). Having made this determination, the Court now turns to the plaintiff's specific claims of FLSA violations.

**B. Plaintiff's FLSA Overtime and Minimum Wage Claim**

In order to establish a prima facie case, a plaintiff has the burden of showing "as a matter of just and reasonable inference that the wages paid to him did not satisfy the requirements of the FLSA." *Caro-Galvan v. Curtis Richardson, Inc.*, 993 F.2d 1500, 1513-14 (11th Cir. 1993)(quoting *Donovan v. New Floridian Hotel, Inc.*, 676 F.2d 468, 475 n. 12 (11th Cir. 1982)).

As noted, in support of his motion for summary judgment, plaintiff offers only defendants' "admissions" that plaintiff worked overtime hours without compensation and no other evidence. (PMSJ [15] at 7.) Defendants, however, have never made a direct admission to this effect. In their answer, defendants stated that plaintiff was to be paid by commission and that "no drivers of defendant have ever been or will ever be paid an hourly rate." (Answer [9] at 3.) Further, James Elkins declared that "plaintiff did not work enough . . . to constitute full or part time employment." (Def.'s Resp. [18] at ¶ 2.)

Plaintiff does not, in either his motion or reply, attempt to reconcile or explain these differences, instead resting only on the argument that defendants "admitted" the *prima facie* case, by virtue of defendants' failure to respond to plaintiff's requests for admission. (*See* Pl.'s Rep. [19].) As discussed above, the defendants' failure to respond does not, under the circumstances of this case, constitute affirmative evidence of the facts identified in the requests for admission. As to the actual evidence in the record, defendants have offered evidence, through their response/affidavit that plaintiff did not work the necessary number of hours to be considered a full-time employee, much less be entitled to overtime pay. When the Court views the above facts in a light most favorable to the non-movant defendant, *Hairston*, 9 F.3d at 918-19, it must conclude that plaintiff has



AO 72A
(Rev.8/82)

provided no affirmative evidence of the amount and extent of his work while employed by the defendants. Therefore, plaintiff has failed to meet his *prima facie* burden. *Rance v. Rocksolid Granit USA, Inc*., 292 Fed. Appx. 1, 2 (11th Cir. 2008)(affirming district court's dismissal of FLSA overtime claim for failure to meet the 'just and reasonable inference' standard because plaintiff's "complaint and attached documentation provide no evidence of the amount and extent of [plaintiff's] work").

For these reasons, the Court **DENIES** the plaintiff's motion [15] with respect to plaintiff's FLSA claim **without prejudice**.

**C. Plaintiff's FLSA Retaliation Claim**

The plaintiff also moved for summary judgment on his claim that he was fired in retaliation for requesting he be paid minimum wage and overtime as required by the FLSA. (PMSJ [15] at 8.) Although the defendants have already denied this allegation and provided an alternative, legitimate reason for dismissal in their answer, plaintiff contends that defendant Elkins "has abandoned any purported legitimate reason for terminating Plaintiff's employment and has admitted to a prima-facie case." (*Id.*) Again, plaintiff does not base this abandonment argument on later statements made by the defendants, but simply on defendants' failure to timely respond to plaintiff's requests for admission.

The FLSA protects persons from retaliation based on their participation in permitted activities under the statute. *See* 29 U.S.C. § 215(a)(3). Where no direct evidence of retaliatory discharge is presented, a court may evaluate the circumstantial evidence under the burden-shifting framework articulated in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973). *Raspanti v. Four Amigos Travel, Inc.*, 266 Fed. Appx. 820, 822 (11th Cir. 2008). Under this framework, the plaintiff must first establish a prima facie case of retaliation. *Raspanti*, 266 Fed. Appx. at 822. The burden then shifts to the employer, who must articulate a legitimate, non-retaliatory reason for its actions. *Id.* If the employer meets this burden of production, then the plaintiff must establish that the proffered reason is simply a pretext. *Id.*

In order to meet its *prima facie* burden on a FLSA retaliation claim, a plaintiff must demonstrate that "(1) she engaged in activity protected under the act; (2) she subsequently suffered adverse action by the employer; and (3) a causal connection existed between the employee's activity and the adverse action." *Wolf v. Coca-Cola Company*, 200 F.3d 1337, 1342-43 (11th Cir. 2000)(internal citations omitted). In demonstrating causation, a plaintiff must show that the adverse action would not have been taken "but for" plaintiff's engagement in protected activity. *Id.* at 1343 (citing *Reich v. Davis*, 50 F.3d 962, 965-66 (11th Cir. 1995).

Even assuming that plaintiff met its *prima facie* burden,[8] summary judgment would not be proper. Defendants provided a legitimate, non-retaliatory reason for firing the plaintiff, both in their answer and in the declaration by James Elkins filed in response to the PMSJ. Therefore, the burden shifted back to the plaintiff to provide evidence that this reason is merely a pretext. *McDonnell Douglas,* 411 U.S. at 807. Here, the plaintiff did not even attempt to argue defendants' proffered reason was a pretext. Therefore, plaintiff has not met his burden for receiving summary judgment.

For the above reasons, the Court **DENIES without prejudice** plaintiff's motion [15] for summary judgment with respect to the FLSA retaliation claim.

**III. <u>MEDIATION</u>**

Plaintiff submitted an affidavit in which he claims damages totaling $95,451.14. (Harmon Aff. [7] at ¶ 8.) Of this amount, however, plaintiff only claims $2,739.25 for overtime pay that he claims to have earned. He also claims that he would have received

---

[8] In *Wolf*, the Eleventh Circuit affirmed a district court's grant of summary judgment in favor of the employer because plaintiff failed to meets its initial *prima facie* burden. 200 F.3d at 1343. The Eleventh Circuit found that the employer provided a legitimate reason for plaintiff's dismissal and, alternatively, that because plaintiff did not provide sufficient evidence of pretext, she failed to prove that she would have been fired "but for" her assertion of FLSA rights. *Id.* In the present case, plaintiff has pointed to no evidence that defendants' proffered reasons were merely a pretext.

$8,550.00 in future wages had he remained employed through June 2012. (*Id.* at ¶¶ 2-3.) The remaining $84,161.89 is for liquidated damages (unspecified in affidavit), 104 weeks of front pay in lieu of reinstatement, compensatory damages for emotional distress, and attorney's fees.

Notwithstanding the above claim, it appears that the likely damages in this case could well be quite modest, given the plaintiff's short employment with the defendants. That is, most of plaintiff's claim relies on speculation that he would have been employed for a long period into the future, which assumption seems quite uncertain if the defendants can in fact demonstrate that plaintiff stole from the defendants' customer and engaged in the other misconduct they assert.

In addition, if this action proceeds to trial, substantially more briefing will be required on both the FLSA overtime and retaliation claims in order to properly instruct a jury. The Court notes the plaintiff's concern over defendants' failures to properly engage in discovery in this litigation. (Pl.'s Rep. [19].) However, as discussed above, plaintiff likewise abused Rule 36. If this case proceeds forward, the Court will give the parties another opportunity for discovery of each other, and the defendants will have to participate in that discovery. That discovery will add to the time and expense spent on this action.

Accordingly, the Court believes that mediation may be beneficial in helping the parties resolve their dispute efficiently and economically. Mediation could provide a more cost-effective and efficient solution than would expensive litigation. The Court cautions defendant Elkins that, notwithstanding his perhaps sincere belief that this lawsuit is frivolous and intended to extort money from him to which the plaintiff is not entitled, he must participate in this mediation and comply with any orders from this Court or from a magistrate judge assigned to this action.

For this reason, the Court **DIRECTS** the Clerk to refer this case to a Magistrate Judge for mediation. *See* LR 16.7, NDGa.; FED. R. CIV. P. 16. All deadlines, including discovery deadlines, will be **STAYED** pending mediation. As set out above, plaintiff's Motion for Summary Judgment [15] is **DENIED**, as is plaintiff's Motion for Status Conference [21].

SO ORDERED, this 6th day of JUNE, 2013.

/s/ Julie E. Carnes
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE



AO 72A
(Rev.8/82)